**Richette v. Levy**

*Lawrence J. Richette* and *Joseph T. Kelly, Jr.,* for plaintiff.
*Howard J. Creskoff,* for defendant.

SCHMIDT, *J.*, July 6, 1978—On March 3, 1978, this court was sitting as the Family Court Emergency Judge. On this date, L. J. Richette, Esq. requested that the court sign a temporary restraining order to restrain Rosemary Levy, mother of Mark Levy, Judy Levy, Rosemary Levy, Ann Levy, Mary Levy and Esther Levy, from withdrawing an appeal to the Pennsylvania Superior Court. After reviewing the complaint in equity for restraining order and Mr. Richette's injunction affidavit, the court signed a rule to show cause, setting a hearing date for March 13, 1978. Due to the unique situation which has been created by the filing of plaintiff's complaint in equity for restraining order seeking to prevent Rosemary Levy from withdrawing her appeal to the Superior Court of Pennsylvania, the court requested that the parties submit memoranda addressing the question of whether this court has jurisdiction over matters which are presently on appeal to the Pennsylvania Superior Court. On April 18, 1978, the court, having continued the matter from March 13, 1978, heard oral argument and upon conclusion dismissed plaintiff's complaint for lack of jurisdiction.

QUESTION: *Does A Court Of Common Pleas Have The Authority To Hear A Complaint In*

*Equity For Restraining Order Which Seeks To Prevent Appellant From Withdrawing An Appeal To The Pennsylvania Superior Court?*

ANSWER: *No*

This court notes that the order which is the subject of the appeal to the Pennsylvania Superior Court was entered by the Honorable Samuel Rosenberg; therefore, the record of those proceedings was not before this court.

The question before the court appears to be one of first impression as neither party nor the court was able to discover case law on the above question. It is plaintiff's position that the issue before this court is not the same as that which is pending before the Pennsylvania Superior Court. Plaintiff states that the issue which confronts this court is "whether Mrs. Levy, the defendant, can agree to accept something in contravention in what we feel are the rights of the children." (April 18, 1978, N.T. p. 13.)

Notwithstanding plaintiff's contention that the issues are different, the inescapable conclusion is that plaintiff is requesting this court to take action with regards to a matter which is already on appeal to the Pennsylvania Superior Court.

Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure states: "Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasi-judicial order is sought, the lower court or other government unit may no longer proceed further in the matter." Rule 1701(b) of the Pennsylvania Rules of Appellate Procedure sets forth the actions which a lower court can take once an appeal has been taken. There are five subparagraphs which specify the actions which a lower court can take; however, none of these is applicable

to the action which plaintiff has requested this court to take.

To conclude, the court was not convinced by plaintiff's argument that the issue before this court was different from that which was before the Pennsylvania Superior Court. Plaintiff requested that the court take action which would have a direct effect on an appeal that was pending before the Superior Court; therefore, the action requested must come under the provisions of 1701(b) of the Pennsylvania Rules of Appellate Procedure. The court found the provisions of 1701(b) inapplicable to plaintiff's request, and therefore was bound by rule 1701(a) which led to the conclusion that plaintiff's complaint in equity for restraining order must be dismissed for lack of jurisdiction.